UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF OPS OF CDCR,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00901-BAM PC<br><br>SCREENING ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>ORDER DENYING PLAINTIFF'S MOTION TO BE HEARD AS A MATTER OF LAW<br>(ECF No. 22)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO BE EXCUSED FROM THE ADMINISTRATIVE EXHAUSTION REQUIREMENT WITHOUT PREJUDICE<br>(ECF No. 23) |

**A.   Screening Requirement and Standard**

Plaintiff Gary Francis Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June 20, 2013, in the Northern District of California.  On June 2, 2014, the Northern District Court reopened the action and directed Plaintiff to file a complaint.  (ECF No. 16.)  Plaintiff filed an amended complaint on June 10, 2014.  (ECF No. 18.)  On the same date, the matter was transferred to this Court.  (ECF No. 19.)  Plaintiff's amended complaint, filed on June 10, 2014, is currently before the Court for screening.

1    The Court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §
3 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or
4 malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief
5 from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §
6 1915(e)(2)(B)(ii).
7    A complaint must contain "a short and plain statement of the claim showing that the pleader is
8 entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
9 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
10 do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell
11 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's
12 allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
13 Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
14 omitted).
15    To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient
16 factual detail to allow the Court to reasonably infer that each named defendant is liable for the
17 misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v.
18 United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant
19 acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
20 plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572
21 F.3d at 969.
22    **B. Allegations in Amended Complaint**
23    Plaintiff is currently housed at the California Health Care Facility in Stockton, California. He
24 brings suit against the Director of OPS of the California Department of Corrections and Rehabilitation
25 ("CDCR").
26    Plaintiff alleges that he was received at Corcoran State Prison in May 2012. He was dropped
27 to CCCMS Level of Care in the CDCR Mental Health System. On or about May 20, 2012, Plaintiff
28 was moved from a CCCMS Building to an Enhanced Out Patient ("EOP") building. He did not see a

doctor and feels he was misdiagnosed. Plaintiff contends that the Mental Health Team who made the decision should be held liable for his problems in EOP.

Plaintiff contends that the EOP mental therapy was almost non-existent. He was to have 15 hours a week of therapy, but was only offered 3-5 hours. He also was to receive 10 hours a week on the exercise yard, but was allowed only 3-5 hours a week. The EOP program was combined with a 22 hour lockdown, so Plaintiff was compelled to live to the expectations of the clinicians and custody staff. Plaintiff alleges that there were long lockdowns and he was denied research activity.

On November 5, Plaintiff was jumped by Correctional Officer Magadellennes. Five to seven officers jumped in and used excessive force and aggravated a known injury. Plaintiff was subsequently placed in Administrative Segregation.

In November, Plaintiff came down with scabies or a skin condition. He filled out health care slips to no avail. He filed a Health Care 602 appeal stating that custody did not give him a change of linen and his condition worsened. Plaintiff alleges that EOP Sgt. Felix and EOP Lt. Cruz ignored him. By November 24, Plaintiff was getting better, but the general neglect was uncalled for.

On November 29, while in therapy, Plaintiff asked the clinician therapist, Chester, if he could use the bathroom facilities. Chester asked C.O. Howard three times. Plaintiff had to go so bad, he urinated in the cage. While Plaintiff was escorted from therapy, Howard yelled at Plaintiff with a baton pulled out. Plaintiff was wrestled to the ground, pepper sprayed, and beaten.

On December 21, Plaintiff noticed brown rust coming from his sink. Plaintiff asked Sgt. Felix to put in a work order. After a few weeks, Plaintiff brought the issued to the attention of Lt. A. Cruz. After three weeks, Plaintiff asked to be moved to another cell. Nothing was done. As the toilet had a separate line feeding it, Plaintiff made sure his toilet was clean and drank from it. It was cleaner than what came out of his sink. A psych tech misconstrued Plaintiff drinking out of the toilet and Plaintiff was put in the prison hospital against his will. Plaintiff alleges that doctors at the hospital colluded, stating Plaintiff was unkempt and disheveled. They spoke of involuntary medications. Chief Psychiatrist L. Wagner decided to put Plaintiff on involuntary medication. Plaintiff had been offered Risperital, but it gave him bad side effects and he hardly took it.

While in the hospital, Plaintiff was injected with some drug for refusing his medication. It made him lethargic. Plaintiff also was given Zyprexa, which had him walking around like a zombie. Plaintiff alleges that he was overmedicated for the EOP program. He alleges that a Kehea hearing on February 25 came as a surprise to him. (ECF No. 18, p. 7.) Plaintiff met with Inmate Counsel Christopher Reid, who asked if Plaintiff had been served his copies. Plaintiff alleges that he had not in violation of his Fourteenth Amendment rights. The lawyer was aware and they clashed. The lawyer also treated adversarial staff and the judge with deference. The judge dismissed Plaintiff's Fourteenth Amendment claim.

Plaintiff contends that the doctors are insensitive to his basic needs and he is overmedicated like a zombie. Plaintiff asserts that his clinician has threatened him with a Department of Mental Health Crisis Bed if he does not attend therapy, which is in a small cage. Plaintiff alleges that the medication he is forced to take gives him tremors, nausea and lethargy. He disagrees with the type of treatment he is receiving.

### III. Deficiencies of Amended Complaint

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a claim upon which relief can be granted against the Director of OPS. Plaintiff will be given leave to cure the deficiencies in his amended complaint. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

#### A. Pleading Requirements

##### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

4

Plaintiff's amended complaint is not a short and plain statement of his claims. It includes extraneous allegations unrelated to the named defendant in this action and does not clearly state the facts that support his claims against the Director of OPS. If Plaintiff chooses to amend his complaint, he should briefly and clearly state the facts giving rise to his claims for relief.

### 2. Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff has named only one defendant, but appears to assert alleges against multiple persons for different incidents at different times. For example, Plaintiff complains about incidents of alleged excessive force while simultaneously complaining about the rust in his sink. Plaintiff may not pursue unrelated claims against different defendants in a single action. If Plaintiff chooses to file an amended complaint and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S.

5

362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

As noted above, Plaintiff fails to link the Director of OPS to any of his claims. If Plaintiff amends his complaint, he must allege what each individual did or failed to do that resulted in a violation of Plaintiff's constitutional rights.

To the extent Plaintiff seeks to bring suit against the Director of OPS based on the Director's role as supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

**B.  Legal Standards**

**1.  Excessive Force**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose

of causing harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

"The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9, 112 S.Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).

**2. Conditions of Confinement**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id. A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

### 3. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006 ) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

### 4. Involuntary Medication

A prisoner possesses "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 494 U.S. 210, 221–22, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (citations omitted). "[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Harper, 494 U.S. at 227. The Supreme Court held that in the context of incarcerated inmates, "[t]he extent of a prisoner's right under the [Due Process] Clause to avoid the unwanted administration of antipsychotic drugs must be defined in the context of the inmate's confinement." Id. at 222. Thus, the infringement on an inmate's constitutional rights through involuntary medication will only be held invalid if it is not reasonably related to legitimate penological interests. Id. at 223 (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

**IV. Pending Motions**

On June 5, 2014, prior to the transfer of this action, Plaintiff filed a motion to be heard as a matter of law and a motion to be excused from the administrative exhaustion requirement. (ECF Nos. 22, 23.)

**A. Motion to Be Heard**

The Court has reviewed Plaintiff's motion to be heard, but is unclear as to the relief sought. Instead, the motion appears to be a letter directed to District Judge Orrick of the Northern District of California regarding Plaintiff's convictions and conditions of confinement. However, to the extent Plaintiff wishes the Court to consider his pending motion to be excused from the administrative exhaustion requirement, his request is unnecessary. The Court has considered his motion, which is discussed in greater detail below. Accordingly, Plaintiff's motion to be heard shall be denied.

**B. Motion to Be Excused from the Exhaustion Requirement**

Plaintiff asks this Court to excuse him from the exhaustion requirement. Plaintiff's claims are subject to the Prison Litigation Reform Act ("PLRA"), which requires prisoners pursuing conditions of confinement claims to exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a). However, failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 217, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

As indicated above, Plaintiff's complaint is being dismissed with leave to amend. No defendants have been served or appeared in this action. Therefore, no defendant has asserted an affirmative defense of failure to exhaust administrative remedies. The Court therefore declines to address the merits of Plaintiff's motion to be excused from the exhaustion requirement. In the event this action proceeds, a defendant may raise the issue of exhaustion in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint. Otherwise, the proper procedural mechanism is a motion for summary judgment directed to the issue of exhaustion. Albino v. Baca, 747 F.3d 1162, 1168-71 (9th Cir. 2014). Accordingly, Plaintiff's motion to be excused from the exhaustion requirement shall be denied without prejudice.

///

**IV.     Conclusion and Order**

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 18, and fails to state a cognizable claim upon which relief may be granted. However, Plaintiff is granted leave to amend his complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 18 and for failure state a claim.
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim;
4. Plaintiff's motion to be heard, filed on June 5, 2014, is DENIED; and
5. Plaintiff's motion to be excused from the administrative exhaustion requirement, filed on June 5, 2014, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **March 4, 2015**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE

10