UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER,<br><br>           Plaintiff,<br><br>      v.<br><br>DIRECTOR OF OPS OF CDCR,<br><br>           Defendant. | Case No.: 1:14-cv-00901-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIONS AND COPIES<br>(ECF Nos. 34, 35) |

    Plaintiff Gary Francis Fisher ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2013. The matter was transferred to this Court on June 10, 2014. (ECF No. 18.) Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 29.) This action concerns a myriad of allegations regarding his mental health care and medications, excessive force, medical care and conditions of his cell.[1]

    On December 8 and December 10, 2014, Plaintiff filed motions seeking an injunction directed at the prison trust office, prison law library, prison mail room and prison appeals office to respond to

---

[1] On March 4, 2015, the Court dismissed Plaintiff's amended complaint with leave to amend. (ECF No. 41.) On April 8, 2015, Plaintiff filed four separate amended complaints. In response to Plaintiff's multiple filings, on June 9, 2015, the Court directed Plaintiff to file a single amended complaint that complies with the pleading requirements of Federal Rules of Civil Procedure 8 and 18 and addresses the deficiencies identified in the Court's screening order issued on March 4, 2015. (ECF No. 93.) Plaintiff filed his third amended complaint on July 8, 2015. (ECF No. 95.) The Court will screen Plaintiff's amended complaint in due course.

1

1  his requests.  (ECF Nos. 34, 35.)  Plaintiff also requests copies of the dockets of all cases that he has
2  filed in the Eastern District of California.  (ECF No. 35.)

3  <u>Request for Injunctive Relief</u>

4  "A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v.
5  Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).
6  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,
7  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
8  equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20 (citations omitted).
9  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at
10  22 (citation omitted).

11  Federal courts are courts of limited jurisdiction and in considering a request for preliminary
12  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it
13  an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-102, 103 S.Ct. 1660,
14  1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>,
15  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or
16  controversy before it, it has no power to hear the matter in question.  <u>Id.</u>

17  Plaintiff seeks injunctive relief against unidentified prison employees working in the prison
18  trust office, prison law library, prison mail room and prison appeals office.  The relief he seeks is
19  unrelated to his claims regarding mental health care, medication, excessive force and the conditions of
20  his cell.  He also seeks relief from non-parties to this action.  The Court therefore lacks jurisdiction to
21  issue a preliminary injunction directed at prison employees working in the prison trust office, prison
22  law library, prison mail room and prison appeals office. <u>See</u>, <u>e.g.</u>, <u>Valley Forge Christian Coll.</u>, 454
23  U.S. at 471; <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110, 89 S.Ct. 1562, 1569
24  (1969).  Therefore, Plaintiff's requests for injunctive relief shall be denied.

25  <u>Request for Copies</u>

26  Insofar as Plaintiff requests copies of the dockets for all cases that he has filed in the Eastern
27  District of California, his request shall be denied without prejudice.  Generally, the Clerk's Office will
28  provide copies for Plaintiff at a cost of $0.50 per page.  The Court finds no basis to make an exception

in this instance.  Further, Plaintiff is advised that it is his responsibility to keep copies of any documents that he submits to the court and he needs to take whatever steps necessary, whether it be hand copying or planning ahead to allow himself enough time, to obtain the copies prior to submitting his papers to the Court.

    For the reasons state above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for preliminary injunctions, filed on December 8 and 10, 2014, are DENIED; and
2. Plaintiff's request for copies of the dockets and all records for each case that he has filed in the Eastern District of California is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 9, 2015**                                         /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE