UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR OF OPS OF CDCR,<br><br>    Defendant. | Case No.: 1:14-cv-00901-BAM PC<br><br>SCREENING ORDER DISMISSING ACTION AS FRIVOLOUS AND MALICIOUS<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE PENDING MOTIONS AND CLOSE CASE |

**I.    Background**

Plaintiff Gary Francis Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 20, 2013, in the Northern District of California. On June 10, 2014, the matter was transferred to this Court. (ECF No. 19.) Plaintiff subsequently consented to magistrate judge jurisdiction. (ECF No. 29.)

On March 4, 2015, this Court dismissed Plaintiff's amended complaint with leave to amend. (ECF No. 41.) On April 8, 2015, Plaintiff filed four separate amended complaints, (ECF Nos. 77, 78, 79, 80), along with a multitude of other documents, including motions to be heard, motions for production of documents, and motions for copies, (ECF Nos. 48-58, 61-67). On June 9, 2015, the Court directed Plaintiff to file a single amended complaint that complied with the pleading requirements of Federal Rules of Civil Procedure 8 and 18 and address the deficiencies identified in the Court's screening order issued on March 4, 2015. Plaintiff was warned that any amended

1

complaint may not exceed twenty-five (25) pages. The Court also advised Plaintiff that if he failed to comply with the order, the action would be dismissed. (ECF No. 93.)

Plaintiff's third amended complaint, filed on July 8, 2015, is currently before the Court for screening. (ECF No. 95.)

## II. Discussion

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

///

### B. Amended Complaint

Plaintiff's third amended complaint exceeds two hundred (200) pages, in clear violation of the Court's order that any amended complaint filed not exceed twenty-five (25) pages. In the third amended complaint, Plaintiff alleges that he is the King of the United Kingdom and finds the defendants guilty of the Geneva Convention. Amongst other things, Plaintiff alleges that there is no more United States Government, as he has overthrown it and he is now King. Plaintiff also alleges that Wasco State Prison opened mail addressed to the President, a lot of his confidential legal mail is opened, and CDCR has been slow to pay for his legal mail. Plaintiff also complains about the failure to receive books and publications in the mail, including law books. Plaintiff further asserts that he was attacked by his cellmate; that Robert Mueller, the ex-director of the FBI, hit Plaintiff with a nightstick; and that two or three others kicked him, including a special agent, an FBI agent, and the Warden of Pelican Bay State Prison. Plaintiff also attempts to sue the U.S. District Court in the Central, Northern and Eastern Districts.

In suing the Eastern District for limiting the pages of his amended complaint, Plaintiff asserts that "[w]e will kill you and torture you under LXVII of the Geneva Conventions." (ECF No. 95, p. 37.) Plaintiff also asserts that to keep this lawsuit down to twenty (20) pages "is bullshit" and states to the undersigned "do not push your U.S. Bullshit [indecipherable] Judge Bullshit my way." (Id. at 38). Plaintiff warns the Court that Unites States Judiciary Council Diane Feinstein "will show your stupid ass my diplomatic Immunity." (Id.) Plaintiff also directs the Court to "conjure your Fucking Black Robed Ass to ask my Brother U.S. Attorney Benjamen B. Wagner the Truth of the Matter." (Id.) Plaintiff states that the undersigned is in his "fucking courthouse" and "will not wear that Satanic Black robe holding my court," and further instructs the undersigned to not "ever question your King's Authority." (Id. at 39.)

In addition to the above allegations, Plaintiff's amended complaint is generally disjointed and confusing. It is unclear whether certain pages are attached exhibits or additional pages of allegations. The Court will not tax its already drained resources to "fish a gold coin from a bucket of mud." Knapp v. Hogan, 788 F.3d 1106, 1111 (9th Cir. 2013) (quotation and citation omitted).

///

**C.     Analysis**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

The test for maliciousness is a subjective one and requires the Court to "determine the . . . good faith of the applicant." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46, 35 S. Ct. 236, 59 L. Ed. 457 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith most commonly is found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981); Ballentine v. Crawford, 563 F. Supp. 627, 628-29 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of the judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. See Horsey v. Asher, 741 F. 2d 209, 212 (8th Cir. 1984).

To date, this Plaintiff has filed over forty civil actions in the Eastern District of California.[1] Not one of those actions proceeded or proceeds forward on valid, cognizable claims. All but two of those actions have been dismissed, except for a small handful of matters that were transferred elsewhere. Of the two actions still pending here, one was filed within the last month, and the other is this action.

Plaintiff's complaint in this action is much like many of his other complaints, setting forth rambling, nonsensical, irrelevant allegations in overly lengthy pleadings. Plaintiff's assertions in this

---

[1] The Court takes judicial notice of its docket reflecting all actions filed by Plaintiff Gary Francis Fisher, or filed under one of his alternative names (Gary Fisher, Gary Francis Barger, Gary Dale Barger, and Sonny Barger II.)

4

current complaint that he is King and has overthrown the United States Government are clearly frivolous. His attempts to intersperse purported constitutional claims amongst outlandish assertions are unavailing. Plaintiff was previously notified of the deficiencies of his complaint, but has been unable to the cure them and has not attempted to present a cogent amended complaint of an appropriate length. In short, Plaintiff is harassing the Court by filing frivolous, malicious actions, is abusing the judicial process, and the Court finds no good faith basis for his filing of this nonsensical action.

### III.     Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1.     Pursuant to 28 U.S.C. § 1915A, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim, frivolousness, maliciousness, and failure to obey a court order;

2.     This dismissal SHALL count as a strike against Plaintiff under 28 U.S.C. § 1915(g); and,

3.     The Clerk of the Court is directed to TERMINATE all pending motions and CLOSE this action.

IT IS SO ORDERED.

Dated:   **February 2, 2016**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE